UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | : : : | CIVIL ACTION NO. |
| v. | : : | |
| POST HOLDINGS, INC. | : | FEBRUARY 17, 2017 |

## COMPLAINT FOR DECLARATORY RELIEF

NOW COMES the Plaintiff, Travelers Property Casualty Company of America, and for its Complaint against Defendant Post Holdings, Inc., seeks declaratory relief pursuant to 28 U.S.C. § 2201, as follows:

### PARTIES

1. Plaintiff, Travelers Property Casualty Company of America ("Travelers"), is an insurance company organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.

2. Upon information and belief, Defendant, Post Holdings, Inc. ("Post"), is a Missouri corporation with a principal place of business in St. Louis, Missouri and is licensed to, and does, conduct business in Connecticut.

### JURISDICTION AND VENUE

3. The jurisdiction of this Court is founded upon 28 U.S.C. § 1332, et seq., in that there is complete diversity of citizenship between the plaintiff and the defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The venue is proper pursuant to 28 U.S.C. § 1391 (b) (2) and (3) as the insurance policies in question were underwritten and issued by Travelers in Connecticut and Post is subject to personal jurisdiction in Connecticut.

## NATURE OF ACTION

5. Travelers is bringing this action to obtain a declaratory judgment pursuant to 28 U.S.C. § 2201 as an actual and justiciable controversy of a judicial nature exists between Travelers and Post involving the rights and liabilities of the parties to the contracts of insurance described herein.

## FACTUAL ALLEGATIONS

**A.   The Underlying Lawsuit and Claim**

6. As set forth below, Travelers and Post were parties to a series of commercial general liability insurance policies (collectively, the "Travelers Policies"):

| Travelers Policies | |
|---|---|
| **Policy Number** | **Policy Period** |
| TC2J-GLSA-118D8739-TIL-12 (the "2012-2013 Policy") | February 4, 2012 - February 4, 2013[1] |
| TC2J-GLSA-118D8739-TIL-13 (the "2013-2014 Policy") | February 4, 2013 - February 4, 2014[2] |
| TC2J-GLSA-118D8739-TIL-14 (the "2014-2015 Policy") | February 4, 2014 - February 4, 2015[3] |

7. On August 29, 2016, a class action lawsuit entitled *Debbie Krommenhock et al. v. Post Foods LLC*, Case No. 3:16-cv-04958-WHO (N.D. Cal.) (the "Underlying Lawsuit") was filed against Post Foods, LLC ("Post Foods"), in the United States District Court for the Northern District of California. The Underlying Lawsuit seeks monetary and injunctive relief against Post Foods for alleged violations of various consumer protection and unfair business practice statutes.

8. Upon information and belief, Post Foods, LLC, is in the business of, *inter alia*, manufacturing, marketing and selling branded and private label cereal products and is an

---

[1] A copy of the relevant excerpts of the Travelers 2012-2013 Policy are attached hereto as **Ex. A**.
[2] A copy of the relevant excerpts of the Travelers 2013-2014 Policy are attached hereto as **Ex. B.**
[3] A copy of the relevant excerpts of the Travelers 2014-2015 Policy are attached hereto as **Ex. C.**

organization, other than a partnership or joint venture, over which Post maintained ownership or majority interest during the effective dates of the Travelers Policies.

9. On October 4, 2016, Post notified Travelers of the Underlying Lawsuit and made a claim for defense and indemnification under the Travelers Policies.

10. After timely acknowledging Post's claim notice, Travelers began its coverage investigation.

11. On or about November 14, 2016, a First Amended Complaint was filed in the Underlying Lawsuit.  (*See* Copy of First Amended Complaint attached hereto as **Ex. D**.)

12. The gravamen of the First Amended Complaint is that Post Foods has marketed, and continues to market, a number of its cereal products by utilizing health and wellness claims that are "deceptive", "false", "immoral", "unlawful", "egregious" and "in violation of State and Federal regulations" due to the subject cereals' high sugar and/or trans-fat content. (*Id*.)

13. The First Amended Complaint asserts five statutory causes of action sounding in: (1) Violation of the California False Advertising Law, Cal. Bus. & Prof. Code §§17500 *et seq.*; (2) Violation of the California Consumers Legal Remedies Act, Cal. Civ. Code §§1750 *et seq.*; (3) Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§17200 *et seq.*; (4) Breach of Express Warranty, Cal. Com. Code § 2313 (1); and (5) Breach of the Implied Warranty of Merchantability, Cal. Com. Code § 2314. (*Id*.)

14. The First Amended Complaint seeks the following remedies in the Prayer for Relief:

>   a.  An Order certifying this as a class action, appointing plaintiffs and their counsel to represent the class, and requiring Post Foods to pay the cost of class notice;
>
>   b.  An Order enjoining Post Foods from labeling, advertising, or packaging the Post Foods high-sugar cereals identified herein with the challenged health and wellness statements identified herein;

3

    c.    An Order compelling Post Foods to conduct a corrective advertising campaign to inform the public that Post high-sugar cereals were deceptively marketed;

    d.    An Order enjoining Post Foods' longstanding policy, practice and strategy of marketing high-sugar cereals with misleading health and wellness claims;

    e.    An Order requiring Post Food to pay restitution to restore funds that may have been acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, untrue or misleading advertising, or a violation of the UCL, FAL, or CLRA;

    f.    An Order requiring Post Foods to pay all statutory, compensatory, and punitive damages permitted under the causes of action alleged herein;

    g.    An Order requiring Post Food to disgorge or return all monies, revenues, and profits obtained by means of any wrongful or unlawful act or practice;

    h.    Pre- and post-judgment interest;

    i.    Costs, expenses, and reasonable attorneys' fees; and

    j.    Any other and further relief the Court deems necessary, just, or proper.

(*Id.*, at 157.)

15. No claims in the Underlying Lawsuit are potentially covered by the Travelers Policies and, therefore, Travelers has no duty of defense or indemnification in connection with the Underlying Lawsuit.

**B.**    **The Travelers Policies**

16. The Travelers Policies provide, in relevant part, that Travelers will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." (**Ex. A, B and C**, Commercial General Liability Coverage Form, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 1. Insuring Agreement, Form CG 00 01 10 01, p. 1 of 16.).

4

17. The Travelers Policies further provide, in relevant part, that the insurance applies to "bodily injury" and "property damage" only if:

> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>
> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and . . . .

(*Id.*)

18. The term "bodily injury" is defined in the Travelers Policies as "bodily injury" and "mental anguish, mental injury, shock, fright, disability, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id.*, Commercial General Liability Coverage Form, Section V – Definitions, Form CG 00 01 10 01, p.16-18; Extension of Coverage – Bodily Injury, Provisions, Form GN 00 13 11 97, p. 1 of 1.)

19. The term "property damage" is defined in the Travelers Policies, in relevant part, as follows:

> "Property Damage" means:
>
> **a.** Physical injury to tangible property including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .

(*Id.*, Amendment of Coverage – Property Damage, Provisions, Form CG D2 56 11 03, p. 1 of 1.)

20. The term "occurrence" is defined in the Travelers Policies, in relevant part, as follows:

> **13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

5

(*Id.*, Commercial General Liability Coverage Form, Section V – Definitions, Form CG 00 01 10 01, p. 14 of 16.)

21. The Travelers Policies contain an exclusion to the bodily injury and property damage liability coverage (Coverage A) for expected or intended injury, i.e. "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured." (*Id.*, Commercial General Liability Coverage Form, Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, 2. Exclusions, Form CG 00 01 10 01, p. 2 of 16.)

22. The Travelers Policies also provide, in relevant part, that Travelers will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which the insurance applies. (**Ex. A**, Amendment of Coverage – Personal and Advertising Injury Liability Form, Provisions, Coverage B. Personal and Advertising Injury Liability, 1. Insuring Agreement, Form CG D2 54 01 05, p. 1 of 4; **Ex. B and C**, Commercial General Liability Coverage Form, Section I – Coverages, Coverage B. Personal and Advertising Injury Liability, 1. Insuring Agreement, Form CG 00 01 10 01, p. 5 of 16; **Ex. B and C,** Amendment of Coverage B – Personal and Advertising Injury Liability, Provisions, A. Amendment of Definition of Personal and Advertising Injury, Form CG D4 71 02 09, p. 1 of 4.)

23. The term "personal injury" is defined in the Travelers Policies to include only injury caused by one or more of the following offenses:

    (1) False arrest, detention or imprisonment;

    (2) Malicious prosecution;

    (3) Wrongful eviction, wrongful entry or invasion of the right of private occupancy;

    (4) Slanderous or libelous publication; or

    (5) Wrongful appropriation, disclosure or false light.

6

(**Ex. A**, Amendment of Coverage – Personal and Advertising Injury Liability Form, Provisions, E. Section V - Definitions, Form CG D2 54 01 05, p. 3 of 4; **Ex. B and C,** Amendment of Coverage B – Personal and Advertising Injury Liability, F. Additional Definitions, Form CG D4 71 02 09, p. 3-4 of 4.)

      24.     The term "advertising injury" is defined in the Travelers Policies to include only injury caused by one or more of the following offenses:

        (1)     Slanderous or libelous publication;

        (2)     Wrongful appropriation, disclosure or false light; or

        (3)     Infringement of copyright, title or slogan.

(**Ex. A**, Amendment of Coverage – Personal and Advertising Injury Liability Form, Provisions, E. Section V - Definitions, Form CG D2 54 01 05, p. 3 of 4; **Ex. B and C,** Amendment of Coverage B – Personal and Advertising Injury Liability, F. Additional Definitions, Form CG D4 71 02 09, p. 3 of 4.)

      25.     The Travelers Policies also contain exclusions to the personal and advertising injury liability coverage for, *inter alia*: (1) the Knowing Violation Of Rights Of Another; (2) Material Published With Knowledge Of Falsity; (3) Material Published Prior to the Policy Period and (4) Quality Or Performance Of Goods – Failure To Conform To Statements.  (**Ex. A**, Amendment of Coverage – Personal and Advertising Injury Liability Form, Provisions, Coverage B. Personal and Advertising Injury Liability, 2. Exclusions, Form CG D2 54 01 05, p. 1-2 of 4; **Ex. B and C**, Commercial General Liability Coverage Form, Section I – Coverages, Coverage B. Personal and Advertising Injury Liability, 2. Exclusions, Form CG 00 01 10 01, p. 5 of 16; **Ex. B and C**, Amendment of Coverage B – Personal and Advertising Injury Liability, C. Amendment of Other Exclusions, Form CG D4 71 02 09, p. 1-2 of 4.)

7

C. **The Parties' Dispute**

27. Upon information and belief, Post claims that Travelers is obligated to provide a defense and indemnification in connection with the Underlying Lawsuit under the Travelers Policies.

28. Conversely, Travelers maintains that it has no defense or indemnification obligations in connection with the Underlying Lawsuit because there are no claims alleged in the Underlying Lawsuit that are potentially covered by the Travelers Policies for the following reasons: (a) the Underlying Lawsuit does not seek damages because of "bodily injury" as defined in the Travelers Policies; (b) the Underlying Lawsuit does not seek damages because of "property damage" as defined in the Travelers Policies; (c) the Underlying Lawsuit does not seek damages because of "property damage" or "bodily injury" caused by an "occurrence" as defined in the Travelers Policies; (d) the Underlying Lawsuit does not seek damages because of "personal injury" as defined in the Travelers Policies; (e) the Underlying Lawsuit does not seek damages because of "advertising injury" as defined in the Travelers Policies; (f) the Underlying Lawsuit's claims for injunctive relief and restitution do not seek sums Post or Post Foods may become legally obligated to pay as covered "damages"; and (g) coverage for the Underlying Lawsuit is also barred by one or more of the exclusions in the Travelers Policies.

29. Consequently, there is an actual and justiciable controversy between Travelers and Post concerning their respective rights and obligations under the Travelers Policies with regard to the Underlying Lawsuit.

## COUNT ONE
### Declaration of Coverage - Duty to Defend or Pay Defense Costs

1-29. Paragraphs 1-29 as alleged above are hereby incorporated and made paragraphs 1-29 of Count One as if more fully set forth herein.

30. Travelers is entitled to a judicial declaration that, pursuant to the Travelers Policies, it has no duty to defend, or reimburse for incurred defense costs, in connection with the Underlying Lawsuit.

## COUNT TWO
### Declaration of Coverage - Duty to Indemnify or Pay Indemnity Costs

1-29. Paragraphs 1-29 as alleged above are hereby incorporated and made paragraphs 1-29 of Count Two as if more fully set forth herein.

30. Travelers is entitled to a judicial declaration that, pursuant to the Travelers Policies, it has no duty to indemnify, or reimburse for incurred indemnity costs, in connection with the Underlying Lawsuit.

## PRAYER FOR RELIEF

**WHEREFORE**, Travelers Property Casualty Company of America prays for the following relief:

1. A declaratory judgment that there is no coverage under the Travelers Policies for the claims asserted in the Underlying Lawsuit.

2. A declaratory judgment that, pursuant to the Travelers Policies, Travelers has no duty to defend, or reimburse for incurred defense costs, in connection with the Underlying Lawsuit.

3. A declaratory judgment that, pursuant to the Travelers Policies, Travelers has no duty to indemnify, or reimburse for incurred indemnity costs, in connection with the Underlying Lawsuit.

4. Such other and further relief at law or in equity as the Court deems just and proper.

A jury trial is not requested.

9

PLAINTIFF,
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA


By: */s/ Rhonda J. Tobin*
Rhonda J. Tobin (ct07755)
Stephen O. Clancy (ct27617)
ROBINSON & COLE LLP
280 Trumbull Street
Hartford, CT  06103-3597
Tel:  860-275-8200
Fax:  860-275-8299
rtobin@rc.com
sclancy@rc.com